IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CHRISTINE YOUELL, AS NEXT FRIEND ) <br> OF E.B., and ) <br> ) <br> ISAAC BENNETT, SR. ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> CORRECTIONAL MEDICAL SERVICES, INC., ) <br> Serve Registered Agent: ) <br> CT Corporation ) <br> 120 South Central ) <br> Clayton MO 63105 ) <br> ) <br> and ) <br> ) <br> CITY OF ST. LOUIS, ) <br> Serve at: ) <br> Mayor Francis Slay ) <br> City Hall ) <br> 1200 Market Street ) <br> St. Louis, MO 63103 ) <br> ) <br> and ) <br> ) <br> Santiago Halazgo, M.D., ) <br> Serve at: ) <br> DesPeres Hospital Emergency Dept. ) <br> 2345 Dougherty Ferry Rd. ) <br> St. Louis, MO 63122 ) <br> ) <br> and ) <br> ) <br> Catherine Carrington, L.P.N., ) <br> Serve at: ) <br> 7600 Hall St. ) <br> St. Louis, MO 63147 ) <br> ) <br> and ) <br> ) | Cause No.: _____ <br><br> **JURY TRIAL DEMANDED** |

1

| | |
|---|---|
| Marilyn Warren, R.N. , | ) |
| Serve at: | ) |
| 7600 Hall St. | ) |
| St. Louis, MO 63147 | ) |
| | ) |
| and | ) |
| | ) |
| Laura Kases, R.N., | ) |
| Serve at: | ) |
| 7600 Hall St. | ) |
| St. Louis, MO 63147 | ) |
| | ) |
| and | ) |
| | ) |
| Jane Doe, | ) |
| Hold Service | ) |
| | ) |
| and | ) |
| | ) |
| Nina Mason, R.N., | ) |
| Serve at: | ) |
| 7600 Hall St. | ) |
| St. Louis, MO 63147 | ) |
| | ) |
| and | ) |
| | ) |
| Clara Foster, L.P.N., | ) |
| Serve at: | ) |
| 7600 Hall St. | ) |
| St. Louis, MO 63147 | ) |
| | ) |
| and | ) |
| | ) |
| Renee Evans, L.P.N., | ) |
| Serve at: | ) |
| 7600 Hall St. | ) |
| St. Louis, MO 63147 | ) |
| | ) |
| and | ) |
| | ) |
| "John" Clemons, Captain, | ) |
| Hold Service | ) |
| | ) |
| and | ) |
| | ) |
| "John" Fleming, Lieutenant, | ) |
| Hold Service | ) |

|   |   |
|---|---|
| and | ) |
|  | ) |
|  | ) |
| "John" Johnson, Corrections Officer, | ) |
| Hold Service | ) |
|  | ) |
| and | ) |
|  | ) |
| "John" Harry, Captain, | ) |
| Hold Service | ) |
|  | ) |
| and | ) |
|  | ) |
| "John" Cruz, Corrections Officer, | ) |
| Hold Service | ) |
|  | ) |
| Defendants. | ) |

## COMPLAINT

## FEDERAL JURISDICTION AND VENUE

1. Plaintiff institutes these proceedings and invokes the jurisdiction of this Court under and by 28 U.S.C. § 1343 to obtain the costs of this suit, including reasonable attorney's fees, and damages suffered by Plaintiffs and caused by Defendants' violation of Plaintiffs' decedent's rights as guaranteed by the Fourteenth Amendment to the Constitution of the United States and by Federal Law, particularly 42 U.S.C. § 1983.

2. This Court also has jurisdiction under 28 U.S.C. § 1331, in that the matter in controversy arises under the Fourteenth Amendment to the Constitution of the United States.

3. This Court has jurisdiction over all other claims that are so related to claims in the action within original jurisdiction that they form part of the same case or controversy under the doctrine of pendent jurisdiction and 28 U.S.C. § 1367(a)

4. This Court has venue under 28 U.S.C. § 1391(b)(2), in that the events giving rise to the claims occurred in or near St. Louis, Missouri, which is located in the Eastern District of Missouri, Eastern Division.

3

**ALLEGATIONS COMMON TO ALL COUNTS**

5. Plaintiff, CHRISTINE YOUELL, as next friend for her son E.B., is suing for monetary damages for the death of E.B.'S FATHER, ISAAC BENNETT, JR.

6. Plaintiff, ISAAC BENNETT, SR., the natural father of ISAAC BENNETT, JR., is suing for damages for the death of his son.

7. Upon information and belief, E.B. and ISAAC BENNETT, SR. comprise all the members of the class entitled to bring an action for wrongful death under Missouri Revised Statute §537.080 (2009).

8. Defendant CORRECTIONAL MEDICAL SERVICES (hereinafter "CMS") is a private Missouri corporation with its principal place of business in St. Louis County, Missouri.

9. Defendant CITY OF ST. LOUIS (hereinafter "City") is a body corporate and a political subdivision of the State of Missouri with a Division of Corrections which operates Medium Security Institution and City Justice Center located in the City of St. Louis, Missouri (hereinafter, City Jail").

10. At all times relevant herein, Defendant CMS was hired and/or contracted by the City to provide for the medical care and medical management of prisoners confined at the City Jail.

11. At all times, Defendant Santiago Halazgo, M.D. was an employee or agent of Defendants CMS and City and, upon information and belief, a resident of St. Louis City, Missouri.

12. At all times, Defendant Catherine Carrington, L.P.N., was an employee or agent of Defendants CMS and City and, upon information and belief, a resident of St. Louis City, Missouri.

13. At all times, Defendant Laura Kases, R.N., was an employee or agent of Defendants CMS and City and, upon information and belief, a resident of St. Louis City, Missouri.

14. At all times, Defendant "Jane Doe," whose name is not known, who is upon information and belief a nurse, and whose initials are circled on Exhibit A (a medical record filed under seal)

attached hereto, was an employee or agent of Defendants CMS and City and, upon information and belief, a resident of St. Louis City, Missouri.

15. At all times, Defendant Nina Mason, R.N., was an employee or agent of Defendants CMS and City and, upon information and belief, a resident of St. Louis City, Missouri.

16. At all times, Defendant Clara Foster, L.P.N., was an employee or agent of Defendants CMS and City and, upon information and belief, a resident of St. Louis City, Missouri.

17. At allo times, Defendant Renee Evans, L.P.N., was an employee or agent of Defendants CMS and City and, upon information and belief, a resident of St. Louis City, Missouri.

18. At all times, Defendant "John" Clemons, whose first name is not known, and who is a Captain at the City Jail, was an employee or agent of Defendants City and, upon information and belief, a resident of St. Louis City, Missouri.

19. At all times, Defendant "John" Fleming, whose first name is not known, and who is a Lieutenant at the City Jail, was an employee or agent of Defendants City and, upon information and belief, a resident of St. Louis City, Missouri.

20. At all times, Defendant "John" Johnson, whose first name is not known, and who is a Corrections Officer at the City Jail, was an employee or agent of Defendants City and, upon information and belief, a resident of St. Louis City, Missouri.

21. At all times, Defendant "John" Harry, whose first name is not known, and who is a Captain at the City Jail, was an employee or agent of Defendants City and, upon information and belief, a resident of St. Louis City, Missouri.

22. At all times, Defendant "John" Cruz, whose first name is not known, and who is a Corrections Officer at the City Jail, was an employee or agent of Defendants City and, upon information and belief, a resident of St. Louis City, Missouri.

23. The deceased, Isaac Bennett, Jr., was arrested for possession of heroin, a controlled substance, and placed in the City Jail on July 23, 2007.

24. The deceased, Isaac Bennett, Jr. had a history of heroin use upon his entry into the City Jail.

25. The deceased, Isaac Bennett, Jr., communicated his addiction to heroin and use of heroin the day before arrest during an intake physical examination conducted by Catherine Carrington, LPN, on July 23, 2007.

26. During the aforesaid detention, the deceased, Isaac Bennett, Jr., was seen by Defendant Santiago Halazgo, M.D., whose only treatment consisted of prescribing prescription medications phenergan, clonidine, and bentyl.   Defendant Santiago was acting within the course and scope of his employment and agency when treating the deceased, Isaac Bennett, Jr.

27. During the aforesaid detention, the deceased, Isaac Bennett, Jr. was seen, examined and medicated by Defendants Catherine Carrington, LPN, Marilyn Warren, RN, Laura Kases, and Jane Doe on July 24, 25, and 26, 2007. Said Defendants were at all such times acting within the course and scope of their employment and agency.

28. Defendants Nina Mason, R.N., Clara Foster, L.P.N. and Renee Evans, L.P.N. were, upon information and belief, on duty at Defendant City's Jail on July 26, 2010 and observed and examined or had the duty and opportunity to observe and examine the deceased, Isaac Bennett, Jr.   Said Defendants were at all such times acting within the course and scope of their employment and agency.

29. Defendants Captain "John" Clemons, Lieutenant "John" Fleming, Corrections Officer "John" Johnson, Captain "John" Harry, and Corrections Officer "John" Cruz were, upon information and belief, on duty at Defendant City's Jail on July 26, 2010 and observed or had the duty and opportunity to observe the deceased, Isaac Bennett, Jr.   Said Defendants were at all such times acting within the course and scope of their employment and agency.

6

30. Starting on July 24, 2007, and persisting through July 26, 2007, the deceased Isaac Bennett, Jr., suffered diarrhea and vomiting, classic symptoms of heroin withdrawal. Such symptoms would have been obvious and obviously serious to both the medically trained and the untrained observer.

31. Despite his history of heroin use, and his persistent diarrhea and vomiting, the deceased, Isaac Bennett, Jr. was not given even the most basic medical treatment.

32. Despite his history of heroin use and his persistent diarrhea and vomiting, symptoms known to Defendants, neither the City nor CMS nor the individual Defendants placed the deceased Isaac Bennett, Jr. under observation or observed him according to their own policies and procedures.

33. The deceased, Isaac Bennett, Jr., was last seen and examined alive by Defendant "Jane Doe" at 2:00 p.m. on July 26, 2007.

34. The deceased, Isaac Bennett, Jr., was last seen alive by anyone at 10:00 p.m. on June 26, 2007.

35. The body of Isaac Bennett, Jr., father of E.B. and son of Isaac Bennett, Sr., was found leaning against the wall of his cell, dead and in rigor mortis, at 12:01 a.m. on July 27, 2007.

36. An autopsy performed by the St. Louis City Coroner concluded that the deceased, Isaac Bennett, Jr., died of metabolic changes secondary to withdraw from heroin causing disturbance of cardiac rhythm and resulting in cardiac arrest.

## COUNT I – WRONGFUL DEATH AGAINST ALL DEFENDANTS
## (42 U.S.C. §1983)

37. Plaintiffs incorporate by reference all allegations contained in Paragraphs 1 through 36 as though fully set forth herein.

38. Defendants and their agents and employees have acted in violation of Plaintiff's civil rights pursuant to the written and unwritten policies, regulations, and/or decisions officially and/or unofficially adopted or promulgated and/or acted upon by Defendants, and each of them.

39. Defendants and their agents and employees acted under the color or authority of the laws of the State of Missouri, or in active concert with such defendants who were so acting.

40. Defendants and their agents and employees, knowing that Isaac Bennett, Jr. relied upon Defendants to provide for his medical care and needs, acted with deliberate indifference to his serious medical needs.

41. Defendants and their agents and employees were responsible for a course of conduct which was willful, wanton, and criminally negligent and so blatantly inappropriate as to evidence intentional maltreatment, and was directly responsible for the death of Isaac Bennett, Jr., to wit:

    a.  Although Isaac Bennett, Jr. was suffering a serious medical condition, Defendants failed to properly diagnose or treat Isaac Bennett, Jr.; and

    b.  Defendants failed to refer/transfer Isaac Bennett, Jr. to a hospital and/or other medical care provider, or to the infirmary, for diagnostic testing or consultation and treatment of his continuing problems; and

    c.  Defendants acted pursuant to a policy or practice to deny and/or delay necessary medical testing and treatment which they followed until such time that Isaac Bennett, Jr. died without positive medical treatment.

42. That the above alleged actions of Defendants and their agents and employees, directly caused or contributed to cause Isaac Bennett, Jr.'s death and constituted a course of medical care so clearly inadequate as to amount to refusal to provide essential care. Such acts were so blatantly inappropriate as to show evidence of intentional maltreatment and/or intentional refusal to provide appropriate medical treatment resulting in the death of Isaac Bennett, Jr., in violation of his civil rights under 42 U.S.C. § 1983, the equal protection clause as guaranteed by the Fourteenth Amendment of the United States Constitution and the due process and clause of the Fifth Amendment of the United States Constitution.

43. The above alleged acts of Defendants and their agents and employees, coupled with the complete failure to provide any positive medical treatment for Isaac Bennett, Jr., constituted cruel and unusual punishment in violation of the Fourteenth Amendment to the United States Constitution.

44. The acts of Defendants alleged above and the absolute failure of Defendants to provide a positive course of essential medical treatment was caused in part by the fact the deceased was an African-American and was denied basic humane medical treatment, which resulted in his death, on the basis of race, in violation of the equal protection component of the Fifth Amendment of the United States Constitution.

45.  The aforesaid acts of Defendants and their agents and employees directly caused or contributed to cause the death of Isaac Bennett, Jr.  Such acts were so blatantly inappropriate as to show evidence of deliberate indifference to Isaac Bennett, Jr.'s serious medical condition.

WHEREFORE, Plaintiffs, the natural son and father of Isaac Bennett, Jr. pray for damages against Defendants in a fair and reasonable amount in excess of $75,000.00, for costs in this action, including reasonable attorneys' fees and costs, and for such other relief as to this Court may deem just and proper in the premises.

### COUNT II – WRONGFUL DEATH AGAINST DEFENDANTS CITY OF ST. LOUIS, CAPTAIN "JOHN" CLEMONS, LIEUTENANT "JOHN" FLEMING, CORRECTIONS OFFICER "JOHN" JOHNSON, CAPTAIN "JOHN HARRY, AND CORRECTIONS OFFICER "JOHN" CRUZ (MO. REV. STAT. §537.080)

46. Plaintiffs incorporate by reference the allegations contained in Paragraphs 1 through 45 as though fully set forth herein.

47. At all times relevant herein, Defendants and their agents and employees owed a duty to the deceased, Isaac Bennett, Jr., to provide him with reasonable medical care.

48. At all times relevant herein, Defendants and their agents and employees owed a duty to properly safeguard the deceased, Isaac Bennett, Jr., while he was in their custody.

49. Defendants and their agents and employees were responsible for a course of conduct which was willful, wanton, and criminally negligent and so blatantly inappropriate as to evidence intentional maltreatment, and was directly responsible for the death of Isaac Bennett, Jr.:

   a. Although he was in serious medical condition which deteriorated over time up until his death, Defendants failed to properly diagnose Isaac Bennett, Jr.'s medical condition;

   b. Although he was in serious medical condition which deteriorated over time up until his death, Defendants failed to provide Isaac Bennett, Jr. with appropriate diagnostic testing to determine the cause of his continuing problems;

   c. Although he was in serious medical condition which deteriorated over time up until his death, Defendants failed to refer/transfer Isaac Bennett, Jr. to a hospital and/or other medical care provider or the infirmary for diagnostic testing to determine the cause of his continuing problems;

   d. Although he was in serious medical condition which deteriorated over time up until his death, Defendants failed to provide Isaac Bennett, Jr. with any positive medical treatment for his medical condition;

   e. Although he was in serious medical condition which deteriorated over time, Defendants failed to have or follow their own policies or procedures regarding medical treatment of prisoners suffering withdrawal; and

   f. Although he was in serious medical condition which deteriorated over time up until his death, there existed a policy to delay and/or deny necessary medical testing and treatment which Defendants followed until such time as Isaac Bennett, Jr. died without having obtained positive medical treatment.

50. Although he was in custody, Defendants failed to properly safeguard the decedent, Isaac Bennett, Jr., in the following respects:

    g. Failed to monitor or observe the decedent, Isaac Bennett, Jr., including placing him in an observational ward, a camera cell or making periodic bed checks; and

    h. Recognized or under the circumstances Defendants should have observed his serious medical condition and obtained treatment for the deceased, Isaac Bennett, Jr.'s, obviously serious medical condition; and

    i. Failed to have or follow their own policies and procedures to observe prisoners suffering withdrawal, including placing him in an observational ward, a camera cell or making periodic bed checks; and

    j. Failed to have or follow their own policies and procedures to train guards to recognize serious medical conditions and refer such cases to medical personnel.

51. The aforesaid acts of Defendants and their agents and employees directly caused or contributed to cause the death of Isaac Bennett, Jr.  Such acts were so blatantly inappropriate as to show evidence of deliberate maltreatment.

WHEREFORE, Plaintiffs, the natural son and father of Isaac Bennett, Jr. pray for damages against Defendants in a fair and reasonable amount in excess of $75,000.00, for costs in this action, including reasonable attorneys' fees, and for such other relief as to this Court may deem meet and proper under the circumstances.

**COUNT III – WRONGFUL DEATH AGAINST DEFENDANTS CMS, SANTIAGO HALAZGO, M.D., CATHERINE CARRINGTON, L.P.N., MARILYN WARREN, R.N., LAURA KASES, R.N., "JANE DOE," A NURSE, NINA MASON, R.N., CLARA FOSTER, L.P.N., AND RENEE EVANS, L.P.N. (MO. REV. STAT. §537.080)**

52. Plaintiffs incorporate by reference the allegations contained in Paragraphs 1 through 51 as though fully set forth herein.

53. At all times relevant herein, Defendants and their employees and agents owed a duty to use that degree of skill and learning ordinarily used under the same or similar circumstances by the members of their medical professions.

54. Defendants and their employees and agents failed to use that degree of skill and learning ordinarily used under the same or similar circumstances by the members of the medical profession, in the following respects:

   k. Although he was in serious medical condition which deteriorated over time up until his death, Defendants failed to properly diagnose Isaac Bennett, Jr.'s medical condition;

   l. Although he was in serious medical condition which deteriorated over time up until his death, Defendants failed to provide Isaac Bennett, Jr. with appropriate diagnostic testing to determine the cause of his continuing problems; and

   m. Although he was in serious medical condition which deteriorated over time up until his death, Defendants failed to refer/transfer Isaac Bennett, Jr. to a hospital and/or other medical care provider for diagnostic testing to determine the cause of his continuing problems; and

   n. Although he was in serious medical condition which deteriorated over time up until his death, Defendants failed to provide Isaac Bennett, Jr. with any positive medical treatment for his medical condition; and

    o. Although he was in serious medical condition which deteriorated over time, Defendants failed to have or follow their own policies or procedures regarding medical treatment of prisoners suffering withdrawal; and

    p. Although he was in serious medical condition which deteriorated over time up until his death, there existed a policy to delay and/or deny necessary medical testing and treatment which Defendants followed until such time as Isaac Bennett, Jr. died without having obtained positive medical treatment.

55. That the above alleged actions of Defendants and their agents and employees, directly caused or contributed to cause Isaac Bennett, Jr.'s death and constituted a course of medical care so clearly inadequate as to amount to refusal to provide essential care. Such acts were so blatantly inappropriate as to show evidence of intentional maltreatment and/or intentional refusal to provide appropriate medical treatment resulting in the death of Isaac Bennett, Jr.

WHEREFORE, Plaintiffs, the natural son and father of Isaac Bennett, Jr., pray for damages against Defendants in a fair and reasonable amount in excess of $75,000.00, for costs in this action, including reasonable attorneys' fees, and for such other relief as to this Court may deem meet and proper under the circumstances.

    Respectfully submitted,

    WOLFGRAM & ASSOCIATES, P.C.

    _____/s/ Kurt E. Wolfgram_____
    Kurt Wolfgram, #27328
    Eric O. Wolfgram, #115193
    4500 West Pine Blvd.
    St. Louis, MO 63108
    314-361-2700 Telephone
    314-361-2052 Facsimile
    ew@wolfgramlaw.com
    Attorneys for Plaintiff