UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| CHRISTINE YOUELL, as Next Friend of E.B., and ISAAC BENNETT, SR., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 4:10CV1180 TIA |
| CORRECTIONAL MEDICAL SERVICES, INC., and CITY OF ST. LOUIS, et al., | ) ) ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiffs' Motion for Appointment of Defendant Ad Litem and Substitution. This Court has jurisdiction pursuant to Rule 2.08 of the Local Rules of the United States District Court for the Eastern District of Missouri.

On October 28, 2010, attorneys for several Defendants, including Correctional Medical Services, Inc. and Dr. Santiago Hallazgo. On October 28, 2010, Defendants filed a Suggestion of Death on behalf of Dr. Hallazgo. The following day, Plaintiffs filed a Motion for Appointment of Defendant Ad Litem and Substitution, requesting that the Court appoint a defendant ad litem to serve as a legal representative of the deceased tortfeasor's insurer under Mo. Rev. Stat. § 537.021.1(2) and Fed. R. Civ. P. 25(a)(1). Plaintiffs further requested the appointment of Todd Boehlje, an attorney, to serve in this capacity and be substituted for Dr. Hallazgo.

On November 9, 2010, the Court ordered Defendants to respond to Plaintiffs' motion, and, on November 15, 2010, Defendants filed an objection to Plaintiffs' proposed defendant ad litem and suggested the appointment of attorney John Lally. Plaintiffs promptly filed a reply on November 16, 2010, stating that Defendants' response did not argue that the motion was improper or that Mr.

Boehlje was not qualified to serve as defendant ad litem. Thus, Plaintiffs renewed their request for Todd Boehlje to be substituted for Dr. Hallazgo.

Plaintiffs rely upon In re Baycol Prod. Litig., 616 F.3d 778 (8th Cir. 2010) in support of their motion to appoint a defendant ad litem and substitute Todd Boehlje for Dr. Hallazgo. Specifically, Plaintiffs assert that courts must rely upon state law to determine who is the proper party for substitution. Indeed, the Eighth Circuit Court of Appeals held that while Rule 25(a) of the Federal Rules of Civil Procedure governs the proper procedure for substitution following a party's death, state law "applies to the limited substantive question of who may constitute a successor[.]" Id. at 785. Federal Rule of Civil Procedure 25(a)(1) provides, in part, "If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative." Under Mo. Rev. Stat. § 537.021.1(2), where a deceased wrongdoer was insured against liability and damages may be recovered from the insurer, "then the court in which any such cause of action is brought shall appoint at the request of the plaintiff or other interested party a **qualified person** to be known as a defendant ad litem." (emphasis added). Further, "the defendant ad litem when so appointed shall serve and act as the named party defendant in such actions in the capacity of legal representative of the deceased wrongdoer[.]" Id.

Neither party in this case has provided either a definition of "qualified person" or made any attempt to demonstrate that the proposed substitution is qualified to represent Dr. Hallazgo as defendant ad litem. The court in In re Baycol Prod. Litig. noted that "[b]ecause the purpose of Rule 25(a)(1) is to protect the estate of the decedent, district courts must ensure only 'those individuals who can adequately represent the interests of the deceased party' are substituted under the Rule."

Id. at 788 (quoting Sinito v. U.S. Dep't of Justice, 176 F.3d 512, 516 (D.C. Cir. 1999)). The court further advised district courts to "look at the facts and circumstances of each case and then determine whether the person moving to substitute will sufficiently prosecute or defend the action on the decedent's behalf." Id. Providing seemingly random attorneys' names with no supporting qualifications does not allow this court to determine whether either attorney is a qualified person under Missouri law who will sufficiently serve and act as the named party defendant. While the In re Baycol Prod. Litig. court ordered the district court to hold an evidentiary hearing, the undersigned does not believe a hearing is necessary at this point. However, the Court will order the parties to submit briefs on this issue.

Accordingly,

**IT IS HEREBY ORDERED** that the parties shall submit briefs demonstrating that each party's proposed defendant ad litem is a "qualified person" under Mo. Rev. Stat. § 537.021.1(2) no later than December 1, 2010.

/s/ Terry I. Adelman<br>UNITED STATES MAGISTRATE JUDGE

Dated this   17th   day of November, 2010.