UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CHRISTINE YOUELL, as Next Friend of E.B., and ISAAC BENNETT, SR., ) ) ) Plaintiffs, ) ) v. ) ) CORRECTIONAL MEDICAL SERVICES, INC., ) and CITY OF ST. LOUIS, et al., ) ) Defendants. ) | No. 4:10CV1180 TIA |

## **MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiffs' Motion for Appointment of Defendant Ad Litem and Substitution. This Court has jurisdiction pursuant to Rule 2.08 of the Local Rules of the United States District Court for the Eastern District of Missouri.

After Defendants filed a Suggestion of Death on behalf of Dr. Hallazgo and Plaintiffs filed a Motion for Appointment of Defendant Ad Litem and Substitution, the Court ordered the parties to demonstrate that each party's proposed defendant ad litem is a "qualified person" to serve as a legal representative of the deceased tortfeasor's insurer under Mo. Rev. Stat. § 537.021.1(2). On December 1, 2010, Plaintiffs and Defendants submitted briefs for this Court's consideration.

Plaintiffs contend that a "qualified person" under Missouri law is merely a person with capacity to serve as a legal representative in the most generic sense such that the result of the litigation can bind the insurer. Plaintiffs assert that Todd Boehlje, a licensed attorney admitted to the Missouri Bar, the United States District Court for the Eastern District of Missouri, and the United States District Court for the Western District of Missouri. Plaintiffs also aver that Mr. Boehlje has participated in numerous trials and appeals, as well as litigated insurance coverage issues on

numerous occasions.

Defendants, on the other hand, submit that attorney John Lally is better qualified to serve as defendant ad litem in this case. Defendants represent that Dr. Hallazgo, the deceased defendant, is insured against liability for damages by Everest National Insurance, a prerequisite to appointing a defendant ad litem. See Daniel v. Collett, No. 1:07-CV-1 CAS, 2008 U.S. Dist. LEXIS 24625, at *2 (E.D. Mo. March 27, 2008) ("[u]nder Missouri law, proof of the existence of insurance is necessary before a defendant ad litem may be appointed."). Further, Defendants contend that Mr. Lally has served as a defendant ad litem in th past and can work with Defendants in the best interest of the deceased. Mr. Lally is a licensed attorney in good standing in the State of Missouri and in the United States District Court for the Eastern District of Missouri. He is familiar with the legal issues and facts pertaining to the present case, and Dr. Santiago Hallazgo's son, Dr. Jeffrey Hallazgo, consents to the appointment of Mr. Lally to represent the interest of his deceased father. (Def. Exh. B, Aff. of Dr. Jeffrey Hallazgo, ¶ 6) Finally, Defendants maintain that the appointment of Mr. Boehlje would cause a conflict of interest with and prejudice to the Defendants.

The undersigned agrees that the Missouri Legislature does not expressly define a "qualified person" under Mo. Rev. Stat. § 537.021.1(2). The statute merely provides that the defendant ad litem "shall serve and act as the named party defendant in such actions in the capacity of legal representative of the deceased wrongdoer" such that the judgment shall be binding on the insurer "to the same extent as if a personal representative had acted as the legal representative of such deceased wrongdoer in such cause of action." In such cases where the sole assets involved are those of the deceased's insurer, "the 'real defendant' is the liability insurer." Atlanta Cas. Co. v. Stephens, 825 S.W.2d 330, 333 (Mo. Ct. App. 1992) (citation omitted); see also Am. Home Assurance Co. v. Pope,

487 F.3d 590, 605 (8th Cir. 2007).

Ultimately, however, the defendant ad litem's responsibility is to "serve and act as the named party defendant . . . in the capacity of legal representative of the deceased wrongdoer." Mo. Rev. Stat. § 537.021.1(2). While the Plaintiffs take issue with the fact that Defendants have suggested a different attorney to serve as defendant ad litem, the statute provides that the court shall provide a defendant ad litem "at the request of the plaintiff **or other interested party**." Mo. Rev. Stat. § 537.021.1(2) (emphasis added). Nothing in the briefs indicate that an attorney familiar with the legal issues and facts of the case, or approved of by the family, would not be able to adequately represent the deceased defendant and take positions contrary to the insurer where necessary. Missouri courts have only rejected representation by a decedent's liability insurance as a defendant ad litem. See McConnell v. Kelly, 860 S.W.2d 362, 364 (Mo. Ct. App. 1993) (finding that the insurer of the co-defendants was not qualified to serve as defendant ad litem because it could have a potential inherent conflict of interest). As stated in his affidavit, Mr. Lally believes that he is qualified to capably represent Defendant Santiago Hellazgo's interests as defendant ad litem. (Def. Exh. A, Aff. of John Lally, ¶ 6)

Mr. Lally has served as a defendant ad litem in the past, and Defendants have represented that Mr. Lally is capable of working with them and in the best interests of the deceased. While Mr. Boehlje also possesses excellent qualifications, this Court finds that the interests of Dr. Santiago Hallazgo are best served by John Lally.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion for Appointment of Defendant Ad Litem and Substitution [Doc. #26] is **GRANTED** in part and **DENIED** in part.

**IT IS FURTHER ORDERED** that attorney John Lally shall serve as defendant ad litem and be substituted for deceased Defendant Dr. Santiago Hallazgo.

                                                                        /s/ Terry I. Adelman
                                                     UNITED STATES MAGISTRATE JUDGE

Dated this   8th   day of December, 2010.